IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TORCHLIGHT TECHNOLOGIES LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DAIMLER AG, MERCEDES-BENZ USA, ) <br> LLC, VOLKSWAGEN AG, ) <br> VOLKSWAGEN GROUP OF AMERICA, ) <br> INC., AUDI AG, AUDI OF AMERICA, ) <br> LLC, PORSCHE AG, and PORSCHE CARS ) <br> NORTH AMERICA, INC., ) <br> ) <br> Defendants. ) | C.A. No. 22-751 (GBW) <br><br> REDACTED - PUBLIC VERSION |

**MERCEDES-BENZ USA'S RESPONSIVE LETTER OPPOSING TORCHLIGHT'S
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

OF COUNSEL:

Celine J. Cowson
Joseph J. Raffetto
Scott A. Hughes
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC  20004
(202) 637-5600

Yi (Sally) Zhang
HOGAN LOVELLS US LLP
3 Embarcadero Center, Suite 1500
San Francisco, CA  94111
(415) 374-2300

October 14, 2022

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Defendant
Mercedes-Benz USA, LLC*

Dear Judge Williams:

Defendant Mercedes-Benz USA, LLC ("MBUSA")[1] submits this letter opposing Torchlight's motion for leave to file a Second Amended Complaint ("SAC"). The motion should be denied for two reasons. ***First***, the SAC seeks enhanced damages, but, like the First Amended Complaint ("FAC"), it fails to plead willful infringement. Torchlight should not be allowed to make a willfulness claim based solely on the filing of its complaint; otherwise, ***every single patent case*** would include a willfulness claim. ***Second***, the SAC again fails to plausibly plead that Torchlight has standing to bring this action alone—in fact, it raises even more issues than the FAC. Torchlight now adds that it is an "exclusive licensee" *with* "all substantial rights." But all Torchlight cites to for this is an excerpt of a license grant that, alone on its face, cannot support such a sweeping claim. Tellingly, ***Torchlight continues to withhold the documents that would "show" its standing***. The Court should deny Torchlight's motion for leave or, alternatively, allow early discovery on standing and stay the case pending resolution of the same.

**Factual Background**

Torchlight filed its Original Complaint against MBUSA and other defendants on June 7, 2022, asserting U.S. Patent Nos. 9,955,551 ("'551 Patent"), 10,894,503, and 11,208,029 (collectively, the "Asserted Patents"). D.I. 1. On August 26, 2022, Torchlight filed the FAC, where it corrected typos in the Original Complaint and additionally referred to the reexamination certificate issued for the '551 Patent when defining that patent.

On September 9, 2022, MBUSA moved to dismiss the FAC for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), failure to state a claim under Fed. R. Civ. P. 12(b)(6), and failure to join a necessary party under Fed. R. Civ. P. 12(b)(7), because Torchlight is not the owner of the Asserted Patents and the FAC did not plausibly allege that Torchlight has all substantial rights to bring its claims without joining others, such as the patent owner. D.I. 30 at 6-7. MBUSA also moved to dismiss Torchlight's claim for enhanced damages, because the FAC did not plead willful infringement or any facts supporting willfulness. *Id*. at 7-9.

On September 16, 2022, Torchlight notified MBUSA of its intent to amend the FAC to try to address the deficiencies raised by MBUSA and sought MBUSA's consent. MBUSA asked to see the amendments and supporting evidence, including the agreements that Torchlight claims support standing. Torchlight provided the SAC but refused to provide any supporting evidence.

**Legal Standard**

Rule 15(a)(2) requires courts to grant leave to amend "freely … when justice so requires." Fed. R. Civ. P. 15(a)(2). Although the Third Circuit has adopted a liberal approach to the amendment of pleadings, amendment is not automatic. *Oran v. Stafford,* 226 F.3d 275, 291 (3d Cir. 2000). Courts may deny leave to amend for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman*

---

[1] Defendant Daimler AG has not been served in this case.

*v. Davis*, 371 U.S. 178, 182 (1962); *see also Massarsky v. Gen. Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983). If "a proposed amendment [] clearly is frivolous, advance[es] a claim or defense that is legally insufficient on its face, or [] fails to include allegations to cure defects in the original pleading," denial of leave to amend is proper. 6 Wright, Miller & Kane, *Fed. Prac. & Proc. Civ.* § 1487 (3d ed., 2022). Further, amendments are futile when "the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The same standard of legal sufficiency under Rule 12(b)(6) applies to the futility analysis. *Id*.

**<u>Post-Suit Willful Infringement</u>**

In the FAC, Torchlight made a conclusory demand for "enhanced damages pursuant to 35 U.S.C. § 284" in its prayer for relief, without alleging willful infringement. D.I. 24 at XII.B. In the proposed SAC, Torchlight again seeks enhanced damages without pleading willful infringement, but now "limits its willful infringement claim to cover the post-Complaint period." SAC at XII.B. Torchlight argues this is all that is needed to survive a motion to dismiss. D.I. 45 at 3.

But Torchlight still has not pled willful infringement or the elements thereof (*see* D.I. 45 at Ex. A), including that MBUSA "knowingly infringes" (*e.g.*, intends to) or acts with willful blindness. Even the cases that Torchlight cites include allegations such as this. *See Ioengine, LLC v. PayPal Holdings, Inc*, C.A. No. 18-452-WCB, D.I. 1 (D. Del. Mar. 23, 2018); *DermaFocus LLC v. Ulthera, Inc.*, C.A. No. 15-654-SLR, D.I. 1 (D. Del. Jul. 29, 2015). The motion for leave to file SAC should be denied on this basis alone. *See, e.g.*, *Valinge Innovation AB v. Halstead New England Corp.*, C.A. No. 16-1082-LPS-CJB, 2018 WL 2411218, at *13 (D. Del. May 29, 2018), report and recommendation adopted, 2018 WL 11013901 (D. Del. Nov. 6, 2018) (dismissing post-suit willfulness claims because plaintiff failed to plead facts plausibly showing that defendants had "subjective intent" to infringe); *Realtime Data LLC v. EchoStar Corp.,* No. 6:17-CV-84 RWS-JDL, 2017 WL 4693512, at *5 (E.D. Tex. July 19, 2017), report and recommendation adopted, No. 6:17-CV-84, 2017 WL 3599537 (E.D. Tex. Aug. 21, 2017) (finding single request for enhanced damages in prayer for relief insufficient to give rise to plausible willfulness claim).

Moreover, recent law from this District says the ***opposite*** of what Torchlight argues; it holds willfulness cannot be predicated on complaint alone. *See ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 250 (D. Del. 2021) ("[T]he complaint itself cannot be the source of the knowledge required to sustain claims of [] willfulness-based enhanced damages."); *Wrinkl, Inc. v. Facebook, Inc.*, C.A. No. 20-1345-RGA, 2021 WL 4477022, at *8 (D. Del. Sept. 30, 2021) ("[W]hile a plaintiff could file an amended complaint alleging willfulness, when there is no pre-suit knowledge, it is not sufficient merely to allege the defendant has knowledge since the filing of the original complaint and has not ceased doing whatever the infringing behavior is. . .").

As Judge Andrews pointed out in *Wrinkl*, "if all that is required is the filing of a complaint and a plausible allegation of infringement, ***then every case would be a willful infringement case***," which cannot be true. 2021 WL 4477022, at *7 (emphasis added). Chief Judge Connolly also observed in *ZapFraud* that allowing claims for post-suit willfulness is tantamount to "encouraging plaintiffs to create claims by filing claims," which is against principles of judicial economy. 528 F. Supp. 3d at 251. Moreover, "[t]he purpose of enhanced damages is to punish and deter bad actors from

egregious conduct, not to provide a financial incentive for opportunistic plaintiffs to spring suits for patent infringement on innocent actors who have no knowledge of the existence of the Asserted Patents." *Id*.

Following the sound reasoning in these cases, Torchlight's claim for willfulness and demand for enhanced damages in the SAC—which is based solely on post-suit knowledge—is insufficient. Thus, the amendment should not be allowed, as it would be futile and would not stand a motion to dismiss for failure to state a claim under Rule 12(b)(6). *ZapFraud*, 528 F. Supp. 3d at 252 (dismissing plaintiff's claim for post-suit willfulness-based enhanced damages).

**Subject Matter Jurisdiction**

"A party must establish standing, *i.e.* show that its case or controversy is amenable to resolution by a federal court, by demonstrating that it suffers an injury which can be fairly traced to the defendant and likely redressed by a favorable judgment." *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1234 (Fed. Cir. 2019) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). In patent cases, only one with "all rights or all substantial rights" in a patent (*e.g.*, a patent owner) can sue in its own name. *Id*. at 1228. A party may also have standing to bring an infringement claim if it has the rights of an exclusive licensee, but in this case, the patent owner must be joined. *Id*.; *see also Intell. Prop. Dev., Inc. v. TCI Cablevision of California, Inc.*, 248 F.3d 1333, 1347 (Fed. Cir. 2001) ("A patent owner should be joined, either voluntarily or involuntarily, in any patent infringement suit brought by an exclusive licensee having fewer than all substantial patent rights").

Torchlight alleged in the FAC that it is the "exclusive licensee" of the Asserted Patents. This was clearly insufficient for Torchlight to bring suit without the patent owner, as Torchlight would need "all substantial rights" in the Asserted Patents to do so. In the SAC, Torchlight now claims that it actually has "all substantial rights," citing to a single excerpt of an undisclosed document as its "factual support" for this. But, without attaching this document and other relevant agreements, this isolated excerpt cannot plausibly show that Torchlight has standing to bring suit on its own. *Lone Star*, 925 F.3d at 1231 (holding that in determining whether a party has established it obtained all substantial rights in the patent, courts should "examine ***the 'totality' of the agreement***" and "[not] focus on a single part of the agreement") (emphasis added). In fact, the SAC raises even more doubts as to whether Torchlight has standing.

First, even read in a light most favorable to Torchlight, the excerpt fails to show that Torchlight has "all substantial rights" in the Asserted Patents and is able to sue without the patent owner. T█

███████████████████████████████████████████████████████████

—a right the Federal Circuit has found "vitally important." *Diamond Coating Techs., LLC v. Hyundai Motor Am.*, 823 F.3d 615, 619 (Fed. Cir. 2016). Although Torchlight alleges the grant gives it an "exclusive" license, the grant belies this; it confirms the patent owner has its own license to "practice" the Asserted Patents without restriction. SAC ¶ 39. At minimum, this confirms that Torchlight does not have all substantial rights to sue on its own. *Id*. at 619-20 (holding that "a licensor's retention of a limited right to develop and market the patented invention indicates that the licensee failed to acquire all substantial rights").

Second, Torchlight claims the SAC "established the critical right to sue" (D.I. 45 at 2), but this is only one right, not "all substantial rights." For example, alienation rights are to be considered with enforcement rights, in assessing whether the "totality" of an agreement reflects a transfer of all substantial rights. *Lone Star*, 925 F.3d at 1231. Here, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See id.*, 925 F.3d at 1233 ("The right to dispose of an asset is an important incident of ownership, and [any] restriction on that right is a strong indicator that the agreement does not grant the transferee all substantial rights under the patent.").[2]

Third, there are no facts pled regarding the purported grant in the SAC. The SAC does not even mention what agreement the grant comes from, let alone provide that agreement. Nor is there confirmation as to whether the grant is as it is in that underlying agreement, or whether it has been modified for inclusion in the SAC (*e.g.*, there are brackets around certain text). Moreover, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Fourth, although the FAC insinuated that Torchlight itself executed a license with the patent owner, the SAC now alleges Torchlight acquired its "exclusive license conveyance" via a "*3rd party assignment*." SAC ¶ 39. Thus, it appears Torchlight itself did not even enter into a license with the patent owner. Yet, Torchlight has not identified the third party that assigned it the alleged license; has not alleged when it was assigned such rights; has not alleged facts to show which rights were and were not transferred via this purported assignment; and has not alleged what rights the third-party assignor (and apparent previous licensee) has in the Asserted Patents.

Moreover, it appears others may have an interest in the Asserted Patents. As noted in MBUSA's motion to dismiss, Torchlight shares the same address as (a) Curiam Capital LLC ("Curiam"), an investment firm that provides funding for litigation, and (b) BlueCrest Capital Management ("BlueCrest"), a private investment partnership. D.I. 30 at 7, n.2; *id.* at Ex. A. Torchlight does not address either entity in the SAC. But factual support regarding these third-party interests is particularly important, because any rights these third parties may have in the Asserted Patents or this litigation may significantly jeopardize Torchlight's standing to bring this lawsuit.

In sum, the proposed SAC fails to provide sufficient factual allegations to plausibly show that Torchlight has standing to sue alone. The allegations indicate that, at minimum, the patent owner needs to be joined, and even then, there would still appear to be significant questions as to who has what interests in the Asserted Patents and this litigation (questions that can only be answered by the underlying documents that Torchlight is withholding). Thus, the amendment should not be

---

[2] Although the excerpt suggests Torchlight has enforcement rights, it is unclear from the SAC whether there are restrictions on these rights, such as Torchlight needing the consent of others to bring suit or limitations on who Torchlight can sue. Restrictions like these would similarly indicate a lack of all substantial rights. *See id.* at 1230-31 (finding enforcement rights are "illusory" in part because plaintiff does not possess the right to sue for all infringement under some provisions even though the agreement broadly conveys "all rights, title and interest" in the covered patents).

allowed, as it would be futile and would not withstand a motion to dismiss.

**Alternative Request for Early Discovery on Standing**

If the Court is inclined to grant Torchlight's motion for leave to file the SAC based on the present record, then, in the alternative, MBUSA respectfully requests that the Court (a) grant it leave to conduct early discovery limited to the threshold issue of standing, and (b) stay the case in all other respects pending the resolution of this issue.

Standing is a threshold requirement in every case, and the Supreme Court has directed that jurisdictional issues must be resolved before courts resolve the merits. 8 Wright & Miller, *Fed. Prac. & Proc. Civ.* § 2008.3 (3d ed.). It is thus common for courts to allow discovery and resolve issues like this before a case advances. *See e.g., Mithril GP Emp. Feeder LLC v. McKellar*, No. 19-2144-RGA, 2020 WL 3206555, at *2 (D. Del. June 15, 2020) (granting defendant's request for jurisdictional discovery in aid of determining if the court has subject matter jurisdiction); *Gurmessa v. Genocide Prevention in Ethiopia, Inc.*, No. 21-869-RGA, 2022 WL 608924, at *4 (D. Del. Feb. 23, 2022) (finding jurisdictional discovery is appropriate given nature of dispute).

Early discovery is particularly appropriate here, given: the thin allegations in the SAC on standing; Torchlight's withholding of documents that would "confirm" its standing; and Torchlight's relationships with others, including third-party funders. *See Longbeam Techs. LLC v. Amazon.com, Inc.*, No. 21-1559-CFC, Oral Order (D. Del. Aug. 17, 2022) (granting Amazon's request to conduct threshold discovery on plaintiff's standing to bring patent infringement claims, as the plaintiff failed to make sufficient disclosure regarding third-party funding). Allowing this case to proceed without confirming whether Torchlight even has standing to pursue this action upfront would result in a significant waste of judicial resources.

This jurisdictional discovery can be conducted quickly, within around 45 days of the issuance of an order, and thus there will be minimal impact on any trial date. Moreover, Torchlight cannot credibly claim that it would be unduly prejudiced by such a short delay. It has already amended its complaint twice, still has not served certain defendants with the complaint, and has itself placed the Asserted Patents in multiple post-grant proceedings (one of which remains ongoing). This discovery would also impose minimal burden on Torchlight; for example, Torchlight presumably has the documents relating to standing in its possession and can readily produce them in short order. On the other hand, MBUSA will be significantly burdened and unduly prejudiced in being forced to move forward with full discovery, including infringement and invalidity contentions, on three Asserted Patents with over 180 claims, when it appears there are serious questions as to whether Torchlight even has the right to bring the case in the first place.

**Conclusion**

Torchlight's motion for leave to file the SAC should be denied. In the alternative, if the Court is inclined to grant Torchlight leave to file the SAC, then MBUSA respectfully requests that the Court order early discovery, limited to the threshold issue of standing, while staying the case in all other respects pending the resolution of the same.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Celine J. Cowson<br>Joseph J. Raffetto<br>Scott A. Hughes<br>HOGAN LOVELLS US LLP<br>555 Thirteenth Street, NW<br>Washington, DC  20004<br>(202) 637-5600<br><br>Yi (Sally) Zhang<br>HOGAN LOVELLS US LLP<br>3 Embarcadero Center, Suite 1500<br>San Francisco, CA  94111<br>(415) 374-2300<br><br>October 14, 2022 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Michael J. Flynn*<br>_____<br>Jack B. Blumenfeld (#1014)<br>Michael J. Flynn (#5333)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>mflynn@morrisnichols.com<br><br>*Attorneys for Defendant*<br>*Mercedes-Benz USA, LLC* |

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 14, 2022, upon the following in the manner indicated:

| | |
|---|---|
| Kenneth Dorsney, Esquire<br>Cortlan S. Hitch, Esquire<br>MORRIS JAMES LLP<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE  19801-1494<br>*Attorneys for Plaintiff Torchlight Technologies LLC* | *VIA ELECTRONIC MAIL* |
| John Halan, Esquire<br>Thomas Lewry, Esquire<br>Sangeeta Shah, Esquire<br>Reza Esfahani, Esquire<br>BROOKS KUSHMAN P.C.<br>1000 Town Center, Twenty-Second Floor<br>Southfield, MI  48075<br>*Attorneys for Plaintiff Torchlight Technologies LLC* | *VIA ELECTRONIC MAIL* |
| Adam W. Poff, Esquire<br>Samantha G. Wilson, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19801<br>*Attorneys for Defendants Volkswagen Group of America, Inc. and Audi of America, LLC* | *VIA ELECTRONIC MAIL* |
| Francis DiGiovanni, Esquire<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>222 Delaware Avenue, Suite 1410<br>Wilmington, DE  19801<br>*Attorneys for Defendant Porsche Cars North America, Inc.* | *VIA ELECTRONIC MAIL* |

2

Edward H. Haug, Esquire  *VIA ELECTRONIC MAIL*
Robert E. Colletti, Esquire
HAUG PARTNERS LLP
745 Fifth Avenue, 10th Floor
New York, NY  10151
*Attorneys for Defendant Porsche Cars North America, Inc.*

                                                */s/ Michael J. Flynn*

                                                Michael J. Flynn (#5333)